# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD H. FIELDS,<br><br>               Petitioner,<br><br>   v.<br><br>D. W. SMITH, Warden,<br><br>               Respondent. | 1:07 CV 0355 OWW WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 11] |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

      On July 17, 2000, Petitioner robbed a Washington Mutual Bank in Sherman Oaks, California, os $4,040.00. About one month later, Petitioner robbed a City National Bank in Studio City, California, of $751.00. On August 18, 2000, Petitioner robbed a California Federal Bank in Santa Monica, California, of $1,525.00. He was arrested only minutes after the third robbery, still in possession of most of the stolen money. Video cameras at each bank showed that he was the robber. The parties agreed to a stipulated facts trail at which Petitioner was

convicted.

The presentence report concluded that Petitioner's total offense level would ordinarily be 20 and his criminal history category VI. This would have dictated a guideline range of 70-87 months imprisonment. Petitioner had a 1993 conviction for bank robbery and a 1987 California conviction for selling rock cocaine. These made him a career offender with a guideline range of 168-210 months imprisonment.

Petitioner represented himself at sentencing and did not object to the career offender classification. The prosecutor recommended at sentencing that Petitioner be given three points off for acceptance instead of two, a suggestion that the court adopted. This lowered Petitioner's guideline range to 151 to 199 months. The district court gave Petitioner a 170 month sentence.

On appeal, Petitioner's counsel raised only one argument: whether the district court should have held a competency hearing. United States v. Fields, 45 Fed.Appx. 738, 739 (9th Cir. 2002). The Court of Appeals rejected this argument and affirmed Petitioner's conviction.

In 2003, Petitioner filed a § 2255 motion in which he raised the following four issues:

1)   whether his appellate counsel was ineffective or "conflict-ridden;"
2)   whether the indictment failed to state an offense;
3)   whether the prosecution had proved all the elements of his offense; and
4)   whether Petitioner had satisfied the judgment against him by filing a "full satisfaction of judgment."

Several months later, Petitioner tried to add an additional claim attacking his classification as a career offender. The district court denied the § 2255 motion, but did not rule on Petitioner's attempt to add the additional claim.

Petitioner appealed this ruling and requested a certificate of appealability on several issues relating to his career offender classification. The district court did not grant a certificate of appealability on any of these issues but did issue one for ineffective assistance of counsel. The Ninth Circuit affirmed. United States v. Fields, 192 Fed.Appx. 683 (9th Cir. 2006). The Court considered the ineffective assistance of counsel claims to be abandoned because Petitioner did not address them in his brief. The Court considered the briefing on the career offender issue as a

motion to broaden the certificate of appealability and denied it.

On March 5, 2007, Petitioner filed the present § 2241 petition, in which he seeks to re-raise the career offender issue.

**LEGAL STANDARDS**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054,

3

1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

**DISCUSSION**

Petitioner contends that his sentence was predicated on a factually inadequate prior conviction.  Petitioner further claims that he has met the standard to seek relief under § 2241 because his remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention" under Hernandez v. Campbell.  Specifically, Petitioner claims both that he is actually innocent and that he did not have the opportunity to raise his contention by a prior motion.

Respondent moves to dismiss this petition on the ground that this court lacks jurisdiction to consider this § 2241 petition, as Petitioner cannot show that the remedy under § 2255 is inadequate or ineffective.  In support of his contention that his sentence was predicated on a factually inadequate prior conviction, Petitioner relies on Taylor v. United States, 495 U.S. 575 (1990), which articulates the correct analysis for determining whether a prior conviction is a crime of violence.  As Respondent argues, Taylor was decided in 1990, 10 years before Petitioner was sentenced.   Petitioner therefore could have raised in contention based on Taylor at his sentencing, on appeal or in his § 2255 motion.  Petitioner cannot argue that he suffered from ineffective assistance of counsel at his sentencing or in the § 225 proceedings because he represented himself both times.  See Faratta v. California, 422 U.S. 806, 834 n.46 (1975).  Although Petitioner claims that his counsel was ineffective for not raising this issue on appeal, this claim could also have been raised in his § 2255 motion. The court must conclude, therefore,

that Petitioner cannot carry his burden of demonstrating that he never had the opportunity to raise this issue in a prior proceeding.

In regard to actual innocence, Respondent claims that Petitioner cannot make the required showing that he did not have a qualifying controlled substance offense.  He argues that Petitioner's presentence report shows that his 1987 drug conviction was the result of a sale of .14 grams of rock cocaine to undercover officers.

In Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." (Internal quotation marks omitted).  Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Id. *citing* Dejan v. United States, 208 F.3d 682, 686 (8th Cir.2000).  It is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519 (1992).

In opposition to Petitioner's motion, Petitioner discusses the actual innocence "gateway" set forth in Shlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995).  Under the actual innocence gateway of Schlup, a petitioner's procedurally barred claim may be considered on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice.  Majoy v. Roe, 296 F.3d 770, 775-76 (9th Cir.2002).  The petitioner must present evidence to show that in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have convicted him.  Schlup, 513 U.S. at 327; Majoy, 296 F.3d at 776; Sistrunk v. Aremenakis, 292 F.3d 669, 673, 677 (9th Cir.2002).  The Ninth Circuit has explained that claiming one should be allowed to pass through the Schlup gateway is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Majoy, 296 F.3d at 778 n.1 (quoting Schlup, 513 U.S. at 315).  The actual innocence discussed in Schlup is thus merely "gateway," allowing a claim to be heard ,and is not the true actual innocence which must be

1  demonstrated to establish that the remedy available under § 2255 is "inadequate or ineffective" to
2  test the validity of his detention.  The court finds that Petitioner has not made the showing of
3  actual innocence required to demonstrate that his available remedy under § 2255 inadequate or
4  ineffective.
5       In light of the foregoing, the court finds that it lacks jurisdiction to consider this petition
6  for writ of habeas corpus pursuant to § 2241.
7       Based on the above, the court HEREBY RECOMMENDS as follows:
8  1)    that Respondent's motion to dismiss be GRANTED;
9  2)    that the petition for writ of habeas corpus be DISMISSED;
10 3)    that the Clerk of the Court be directed to enter judgment for Respondent and to close this
11      case.
12      These Findings and Recommendation are submitted to the assigned United States District
13 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
14 the Local Rules of Practice for the United States District Court, Eastern District of California.
15 Within thirty (30) days after being served with a copy, any party may file written objections with
16 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
17 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
18 and filed within ten (10) court days (plus three days if served by mail) after service of the
19 objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
20 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may
21 waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
22 1991).

24 IT IS SO ORDERED.
25 **Dated:   April 28, 2008**        /s/  William M. Wunderlich
                                      UNITED STATES MAGISTRATE JUDGE